UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:25-CR-13-DLB

UNITED STATES OF AMERICA                  PLAINTIFF

V.                  **PLEA AGREEMENT**

RONALD FERGUSON                  DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the sole count of the Indictment, which charges an interstate threat to injure the person of another, in violation of 18 U.S.C. § 875(c) (hereinafter the "Offense"). Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

2. The essential elements of the Offense are:

    (a) The Defendant knowingly transmitted a communication in interstate or foreign commerce;

    (b) The content of the communication contained a true threat—that is, a serious threat made under circumstances that would place a reasonable person in fear of being injured—to injure or kill another person; and

(c) The Defendant subjectively intended the communication as a true threat or had knowledge that it would be viewed as a true threat.

3. As to the Offense, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) On or about February 27, 2025, in Pike County, in the Eastern District of Kentucky, and elsewhere, the Defendant knowingly transmitted in interstate commerce a threat to injure another person. Specifically, the Defendant publicly posted to Facebook threats to injure and kill Pike County Judge Executive Ray Jones, II.

(b) In one post, the Defendant accuses Jones of killing one of his dogs and goes on to say: "You are gonna pay Ray Jones and every god damn one of you motherfuckers. Tomorrow's your fucking day bitch. Tick tock you done run out of time motherfucker."

(c) Other videos the Defendant posted to Facebook included the following statements:

"I will hunt you down"

"I may just do it on the courthouse fucking steps maybe in the fucking lobby"

"In all your infinite wisdom, you got taken down by me, flat smoked Ray. You been wanting your name to go down in the history books, oh buddy your name is gonna go down in the history books there judge Ray Jones. For a long time coming. You're dead. You wanted to be famous, I'll make you famous."

4. The statutory punishment for the Offense is not more than 5 years imprisonment, not more than a $250,000 fine, and not more than 3 years supervised release. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United

States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

> (a) The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range.
>
> (b) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists regarding the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

8. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

9. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

10. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

11. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

Date: 12/5/25    By: _____
W. Pearce Nesbitt
Assistant United States Attorney

Date: 12/5/25    _____
Ronald Ferguson
Defendant

Date: 12/5/25    _____
Richard A. Hughes
Attorney for Defendant